UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HARRIET R.M., <br>     Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO, COMMISSIONER <br> OF SOCIAL SECURITY,[1] <br>     Defendant. | No. 3:17-cv-00578 (SRU) |

## ORDER ON MOTION FOR ATTORNEYS' FEES

Attorney Charles E. Binder represented Harriet R.M.[2] ("plaintiff") in an appeal of the Social Security Administration's decision denying her claims for disability and income benefits. *See* Doc. No. 1. A consent motion to remand the case to the agency for additional development of the record and rehearing was filed on January 17, 2018. *See* Doc. No. 25. District Judge Vanessa L. Bryant granted that motion, and entered judgment on January 30, 2018. *See* Doc. No. 27, 28.

On February 6, 2018 the parties stipulated to an award of attorneys' fees under the Equal Access to Justice Act ("EAJA") in the amount of $5,750.00. *See* Doc. No. 29. On February 14, 2018, Judge Bryant entered an order granting that motion for EAJA fees. *See* Doc. No. 30.

On February 25, 2025, the plaintiff filed a motion for attorneys' fees under 42 U.S.C. § 406(b), seeking attorneys' fees in the amount of $62,275.00. *See* Doc. No. 31. On that same

---

[1] On May 7, 2025, Frank Bisignano replaced Leland Dudek as Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of Court is directed to substitute Frank Bisignano for Leland Dudek in this action.
[2] Pursuant to the District of Connecticut's Standing Order on Social Security Cases, I will refer to the plaintiff solely by first name and last initial. *See* Standing Order Re: Social Security Cases, No. CTAO-21-01 (D. Conn. Jan. 8, 2021).

day, this case was transferred to my docket. The Commissioner takes no position on the request for attorneys' fees. *See* Doc. No. 33.

I.     **Standard of Review**

Section 406(b)(1) of the Social Security Act provides, in part, that "[w]henever a court renders a judgment favorable to a [counseled] claimant" under the Social Security Act, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Attorneys' fee awards under Section 406(b) are paid directly out of the plaintiff's past benefits in accordance with the terms of a contingency agreement. *Id.*; *Walls v. Comm'r of Social Security*, 2020 WL 3026462, at * 1 (D. Conn. June 5, 2020).

Section 406(b) fees must be both timely and reasonable. In determining whether a Section 406(b) application is timely, the Second Circuit has instructed courts to apply Rule 54's fourteen-day deadline, "but 'the fourteen-day filing period is tolled until the claimant receives notice of the amount of any benefits award.'" *Bukilici v. Saul*, 2020 WL 2219184, at *2 (D. Conn. May 7, 2020) (quoting *Sinkler v. Berryhill*, 932 F.3d 83, 85 (2d Cir. 2019)).

In assessing whether the requested fee is reasonable, the Second Circuit has instructed courts to consider two factors in addition to the statutory 25 percent cap: "whether there has been fraud or overreaching in making the agreement" and "whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan* (*Wells II*), 907 F.2d 367, 372 (2d Cir. 1990). It is the "attorney for the successful claimant" who "must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 791 (2002).

If counsel receives fees pursuant to both the EAJA, 28 U.S.C. § 2412, and Section 406(b), counsel is to "refund[] to the claimant the amount of the smaller fee." Pub. L. No. 99-80, § 3, 99 Stat. 183 (Aug. 5, 1985); *see also Gisbrecht*, 535 U.S. at 789.

## II. Discussion

### A. Timeliness

The plaintiff's Notice of Award for disability benefits is dated February 11, 2025. *See* Ex. C, Doc. No. 31-5. Plaintiff's counsel indicates that they received the notice on February 13, 2025, at which point the fourteen-day deadline to file a motion for attorneys' fees under Section 406(b) began to run. *See* Binder Affirmation, Doc. No. 31-4, at ¶ 13.; *see also Sinkler*, 932 F.3d at 91 ("[T]he fourteen-day filing period starts to run when the claimant receives notice of the benefits calculation."). The plaintiff's eligible child's Notice of Award was also issued on February 11, 2025, but counsel does not indicate when that notice was received. *See* Ex. D, Doc. No. 31-5. In any event, the instant motion for attorneys' fees was filed on February 25, 2025, fourteen days after the notices of award were issues. The motion is therefore timely.

### B. Reasonableness

In this case, the fee agreement between the plaintiff and Attorney Binder contemplates a contingent fee of twenty-five percent of all past-due benefits for any successful appeal, which is equivalent to the statutory cap. *See* Ex. A, Doc. No. 31-5. Attorney Binder seeks an award of $62,275.00. *See* Doc. No. 31. In determining whether the fee amount sought is reasonable, I will begin my analysis by considering whether the statutory cap has been exceeded. The amount requested is equal to the amount withheld by the agency from past-due benefits to the plaintiff and her child. *See* Ex. C, Doc. No. 31-5 ("We usually withhold 25 percent of past due benefits in order to pay the approved representative's fee."); Ex. D, Doc. No. 31-5 (same). I therefore

conclude that the fee amount requested does not exceed the statutory cap of 25 percent of past-due benefits. *See* 42 U.S.C. § 406(b)(1)(A).

Turning to the additional reasonableness factors, I must consider whether there was any fraud or overreach, and whether the requested amount is "so large as to be a windfall to the attorney." *Wells II*, 907 F.2d at 372. Neither party has reported any fraud or overreach, and I have not otherwise found any indication thereof. Regarding whether there is windfall, I must consider "more than the de facto hourly rate." *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022). The Second Circuit has outlined additional factors that should inform a court's determination of a windfall. First, "the ability and expertise of the lawyers and whether they were particularly efficient." *Id.* Second, "the nature and length of the professional relationship with the claimant," which "can inform a district court's understanding of 'the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court.'" *Id.* at 855 (quoting *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005)). Third, the court should consider "the satisfaction of the disabled claimant"; and fourth, "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields*, 24 F.4th at 855.

A review of the fee itemization submitted by the plaintiff's counsel shows that the plaintiff's counsel spent 29.90 hours on this case, and seeks payment at an hourly rate of $2,082.78. *See* Ex. B, Doc. No. 31-5. I acknowledge that that is an unusually high hourly rate, but it is not outside of the range of awards in other cases. *See Taveras v. Comm'r of Soc. Sec.*, 2024 WL 3784382, at *2 (S.D.N.Y. Aug. 12, 2024) (citing cases). Additionally, counsels' efforts were particularly successful, resulting in a substantial back pay award. Because the plaintiff's counsel conducted significant research, review of the administrative record, and drafting of

documents, and because of the ultimate satisfaction of the plaintiff, I conclude that the requested amount is reasonable and not "so large as to be a windfall to the attorney." *Wells II*, 907 F.2d at 372; *see Fields*, 24 F.4th at 854 ("[E]ven a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case.").

Accordingly, I **grant** the plaintiff's motion, doc. no. 31, and I approve Attorney Binder's request for an award of **$62,275.00** in attorneys' fees under Section 406(b).

C. Previous EAJA Award

On February 14, 2018, Judge Bryant awarded the plaintiff's counsel $5,750.00 in attorneys' fees pursuant to the EAJA. *See* Doc. No. 30. Accordingly, because the $62,275.00 in attorneys' fees I award now exceeds the amount previously awarded, the plaintiff's counsel is **ordered** to return the EAJA to his client. *See Wells v. Bowen* (*Wells I*), 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [counsel] to return the lesser of either that amount or the EAJA award to his clients.").

**III.    Conclusion**

For the foregoing reasons, the plaintiff's motion for Section 406(b) fees, doc. no. 31, is **granted**. The plaintiff's counsel is awarded **$62,275.00** in attorneys' fees. Additionally, plaintiff's counsel is ordered to return the EAJA award previously ordered, *see* doc. no. 30, to his client.

So ordered.

Dated at Bridgeport, Connecticut, this 8th day of July 2025.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

5